## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| **Plaintiff** | | |
| v. | : | **Civil Action No. _____** |
| **9600 RIVER ROAD,** | : | |
| **POTOMAC, MARYLAND,** | | |
| **with all buildings,** | : | |
| **appurtenances and improvements** | | |
| **thereon,** | : | |
| **Defendants.** | | |

: : : : : : : : :

## COMPLAINT FOR FORFEITURE

The United States of America, by and through undersigned counsel, seeking forfeiture of the defendant real property, 9600 River Road, Potomac, Maryland, with all buildings, appurtenances, and improvements, thereon, hereinafter referred to as "defendant property," respectfully presents to the Court the following:

1.      This Court has jurisdiction over this forfeiture action pursuant to 28 U.S.C. §§ 1345 and 1355 and 18 U.S.C. §§ 981 and 1546. Specifically, 18 U.S.C. §§ 981(a)(1)(A) and (a)(1)(C) provide for the forfeiture of any property, real or personal, involved in an offense in violation of 18 U.S.C. § 1546, or any property traceable to such property.

2.      This Court has venue over this action pursuant to 28 U.S.C. § 1395(b).

3.      The defendant is real property, buildings, appurtenances, and improvements thereon, known as 9600 River Road, Potomac, Maryland (hereinafter the "defendant property"). The defendant property is more particularly described as Lot Seven (7) in Block Three (3) in a

subdivision known as "Bradley Farms" as per plat thereof recorded on Plat Book 101 at Plat 11420 among the Land Records in Montgomery County.

4.      Land Records of Montgomery County indicate that the defendant property is owned by Maqsood H. Mir and Ruby Mir.

5.      This complaint for forfeiture is based upon, but not limited to, the evidence outlined in the attached Affidavit of Special Agent Scott E. Fell, of the Department of Homeland Security, Immigration and Customs Enforcement.

6.      Based on the facts set forth in the attached Affidavit, as well as the facts presented to the jury during the criminal trial in United States v. Maqsood H. Mir, et al., Crim. No. AW-03-0156, the defendant property was used and was intended to be used to commit and to facilitate the commission of a violation of Title 18, United States Code, Section 1546, and therefore, should be forfeited to the United States of America pursuant to 18 U.S.C. §§ 981 and 985.

WHEREFORE, the Plaintiff prays that process in due form of law according to the course of this Court in cases of actions in rem issue against the defendant property; that any person or persons having any interest therein be cited to appear herein and answer the Complaint; that this Court thereafter decree the condemnation and forfeiture of the defendant property to the Attorney General of the United States; and that the Plaintiff have such other and further relief as the case may require.

Respectfully submitted,

Allen F. Loucks
United States Attorney

David I. Salem
Chan Park
Assistant United States Attorneys
6500 Cherrywood Lane

2

3

Greenbelt, Maryland 20770
Telephone: (301) 344-4433
Facsimile: (301) 344-4516

AFFIDAVIT IN SUPPORT OF
COMPLAINT FOR FORFEITURE
9600 RIVER ROAD, POTOMAC, MARYLAND 20854

I, Scott E. Fell, being duly sworn, depose and state:

1.      I am a Special Agent with the United States Immigration and Customs Enforcement, United States Department of Homeland Security, assigned to the Special Agent in Charge for the Baltimore, Maryland office. I have been employed as a special agent/criminal investigator for seven years. My primary duties are to investigate violations of federal statutes, particularly the Immigration and Nationality Act, codified in Title 8 of the United States Code.

2.      This affidavit contains information in support of a civil judicial complaint for forfeiture of the real property at 9600 River Road, Potomac, Maryland, including all buildings, appurtenances, and improvements thereon (hereinafter the "defendant property").

3.      This affidavit is not intended to include each and every fact and matter observed by me or known by the government. The information provided is based on my training, experience, personal knowledge and observations during the course of a related criminal investigation and ensuing trial, information conveyed to me by witnesses and other law enforcement officials, and my review of records, documents and other physical evidence obtained during this investigation.

**STATEMENT OF FACTS**

4.      The United States Immigration and Customs Enforcement (ICE), in conjunction with the Department of Labor Office of Inspector General (DOL / OIG),

conducted an investigation into an immigration fraud scheme orchestrated by Maqsood H. Mir, Mir Law Associates, LLC and other individuals and businesses.

5.      On December 15, 2004, based upon information developed during this investigation, Maqsood H. Mir, Mir Law Associates, LLC, one other individual and his related corporation were indicted by a grand jury in the District of Maryland (Criminal No. AW-03-0156).  The charges included allegations that Mir and Mir Law Associates, LLC had submitted false information on documents known as Applications for Alien Employment Certification (Forms ETA–750) and Immigrant Petitions for Alien Worker (Forms I-140), in violation of 18 U.S.C. § 1546.

6.      On April 14, 2005, Mir was found guilty by a jury of sixteen separate counts of immigration fraud, in violation of 18 U.S.C. § 1546.  Mir Law Associates, LLC – which was owned and operated by Maqsood H. Mir – was also found guilty of conspiracy to commit immigration fraud, in violation of 18 U.S.C. § 371, and twenty counts of immigration fraud, in violation of 18 U.S.C. § 1546.

7.      Through interviews and observation of testimony at the criminal trial, I know that Mir had housed the offices of his law firm, Mir Law Associates, in a building located on the premises of the defendant property.  I also know through interviews and observation of testimony at the criminal trial that several former employees of Mir and Mir Law Associates, LLC worked for Mir Law Associates at the defendant property. Certain of these individuals also advised that they had prepared Forms ETA-750 and Forms I-140 at the above office.  They also recalled making bank deposits into a Mir Law Associates, LLC account at Sandy Spring Bank.

8.      On or after October 29, 2003, pursuant to an *ex parte* application for disclosure of certain tax records, the government obtained copies of the 2000 and 2001 U.S. Returns of Partnership Income (IRS Forms 1065) for Mir Law Associates, LLC submitted to the Internal Revenue Service (IRS).  These documents obtained from the IRS reflect a business address of 9600 River Road, Potomac, Maryland for Mir Law Associates, LLC.

9.      Through the criminal investigation by ICE and DOL, the government obtained documents indicating that the holder of Sandy Spring Bank Account #61-527818-01 was Mir Law Associates, LLC.

10.     On or after February 7, 2005, federal agents obtained copies of documents from Saxon Mortgage Services, Inc. pertaining to Saxon Loan No. 0011567097, including the Uniform Residential Loan Application for that particular loan, Mir Law Associates, LLC bank statements for Sandy Spring Bank Account #61-527818-01 and loan payment information for the refinancing of property located at the defendant property – 9600 River Road, Potomac, Maryland 20854.

11.     The documents obtained from Saxon Mortgage Services, Inc. reflect that a loan payment was made on April 15, 2003 via Western Union/Web Phone Pay from Sandy Spring Bank Account #61-527818-01 to Saxon customer account no. 11567097 in the amount of $5259.29.  On May 10, 2003 a similar payment was made to the same account in the amount of $10,543.58.  Both of the above payment sheets reflect that the customer is Maqsood Mir, 9600 River Road, Potomac, Maryland 20854.

12.     On March 17, 2005, Kashif MAHMOOD a/k/a Nazam KHALIL testified in the above-referenced criminal trial.  MAHMOOD testified that he agreed to pay Mir

approximately $30,000.00 to obtain false immigrant visas for himself and his wife. MAHMOOD further testified that he paid a total of approximately $14,000.00 to $17,000.00 by mail and in person to Mir's law firm. These payments were made in cash and by check. Bank records seized during the November 25, 2002 execution of a search warrant at the offices of Mir Law Associates, LLC at the defendant property reflect that MAHMOOD wrote the following checks to Mir Law Associates, LLC:

- Check # 1352, dated July 22, 2002, made payable to Mir Law Office in the amount of $5,000.00;

- Check # 1351, dated July 22, 2002, made payable to Mir Law Offices in the amount of $3,000.00.

Mahmood also provided the government with a copy of check #175, dated August 28, 2002, made payable to Mir Law for $6,000.00. All of the above checks were deposited into the Mir Law Associates Sandy Spring Bank Account #61-527818-01. On all of the documents submitted by Mir Law Associates, LLC on behalf of MAHMOOD, the address listed for Mir Law Associates, LLC was 9600 River Road, Potomac, MD 20854.

13.     On March 18, 2005, Zulfiqar ALI testified that he paid Mir approximately $9,000.00 in fees related to the filing of several false Forms ETA-750. Bank records seized during the November 25, 2002 search warrant reflect that ALI wrote the following checks to Mir Law Associates, LLC:

- Check # 1027, dated November 27, 2001, made payable to Mir Law Associates in the amount of $3,000.00;

- Check # 3693, dated March 6, 2002, made payable to Mir Law Associates in the amount of $3,700.00;

- Check # 1169, dated May 13, 2002, made payable to Mir Law in the amount of $3,000.00.

All of the above checks were deposited into the Mir Law Associates Sandy Spring Bank Account #61-527818-01.

14.     On March 21, 2005, Syed GHAUS, testified at the trial that he paid Mir and Mir Law Associates, LLC approximately $12,000.00, by cash and check, to file a Form ETA-750 on his behalf for a company he had never heard of and for which did not intend to work. Significantly, Zulfiqar ALI owned the company that was purportedly going to sponsor GHAUS. GHAUS advised that he had at least one meeting with MIR at MIR's law office on the defendant property in Potomac, Maryland regarding the above application. Bank records seized during the execution of the November 25, 2002 search warrant reflect that GHAUS wrote the following checks to Mir Law Associates, LLC:

- Check# 105, dated September 10, 2001, made payable to Mir Law Associates in the amount of $2,000.00;

- Check #172, dated June 20, 1999, made payable to Mir Law in the amount of $8,000.00.

Both of the above checks were deposited into Mir Law Associates Sandy Spring Bank Account #61-527818-01. On all of the documents submitted by Mir Law Associates, LLC on behalf of GHAUS, the address listed for Mir Law Associates, LLC was 9600 River Road, Potomac, MD 20854.

15.     On March 30 and 31, 2005, Jurat RAJA testified at the above-referenced trial that MIR filed a false Immigrant Visa Petition for Alien Worker (Form I-140) on his behalf for a company that he had never heard of and for which he did not intend to work:

S & Y General Contractors, Inc. RAJA further testified that he agreed to pay Mir approximately $25,000.00 to obtain an immigrant visa. RAJA further testified that he paid a total of approximately $8,000 to $9,000.00 to Mir's law firm. These payments were made in cash and by check. RAJA advised that he had meetings with MIR at the defendant property on River Road regarding the above application. Bank records seized during the execution of the November 25, 2002 search warrant reflect that RAJA wrote the following check to Mir Law Associates, LLC: Check# 138, dated March 23, 2001, made payable to Mir Law Associates in the amount of $3,000.00.

16.     RAJA provided the government with a carbon copy of the above check #138. RAJA further provided the government with a handwritten receipt for the cash payment of $5,000.00 he provided to Mir. The receipt was provided by MIR on the back of a Mir Law Associates, LLC business card. This business card reflects an address of 9600 River Road, Potomac, Maryland 20854. The back of the card has the following handwritten notations: "5000, May 12, 2002" and "Mr. Jurat." Bank records seized during the execution of the November 25, 2002 search warrant reflect that the above check was deposited into Sandy Spring Bank Account #61-527818-01. The bank records further reflect that a cash deposit of $5,000.00 was made to the same account on May 13, 2002. On all of the documents submitted by Mir Law Associates, LLC on behalf of RAJA, the address listed for Mir Law Associates, LLC was 9600 River Road, Potomac, MD 20854.

17.     On March 31, 2005 and April 1, 2005, Mohammad Z. CHAUDHARY testified at the criminal trial that MIR filed a false Immigrant Visa Petition for Alien Worker (Form I-140) on his behalf for a company that he had never heard of and for

which he did not intend to work: S&Y General Contractors, Inc. CHAUDHARY testified that he agreed to pay Mir approximately $25,000.00 to $30,000.00 to obtain an immigrant visa. CHAUDHARY further testified that he paid a total of approximately $9,000.00 to $10,000.00 to Mir's law firm – Mir Law Associates, LLC. These payments were made in cash and by check. CHAUDHARY advised that he mailed a $3,000.00 check to the defendant real property regarding the above application. CHAUDHARY provided the government with a copy of the above check #109. CHAUDHARY further provided the government with a handwritten receipt for the cash payment of $3,300.00 he provided to Mir. The receipt was provided by Mir on the back of Mir Law Associates, LLC business card. This business card reflects an address of 9600 River Road, Potomac, Maryland 20854. The back of the card has the following hand written notations: "3300, May 12, 2002 and Mr. Chaudhary." Bank records seized during the November 25, 2002, search warrant reflect that the above check was deposited into Sandy Spring Bank Account #61-527818-01. The bank records further reflect that several cash deposits over $5,000.00 were made to the same account from May 13, 2002 to May 23, 2002. On all of the documents submitted by Mir Law Associates, LLC on behalf of CHAUDHARY, the address listed for Mir Law Associates, LLC was 9600 River Road, Potomac, MD 20854.

18.     On April 5, 2005, Shariq ALI, testified at the above trial that he paid Mir and Mir Law Associates, LLC approximately $20,000.00, by wire, to file a Form ETA-750 on his behalf for a company he had never heard of and for which he did not intend to work. The company, Z & J Petroleum, Inc, is owned by Zulfiqar ALI. Records received from Sandy Spring Bank on April 1, 2005 reflect that Mir Law Associates, LLC, account #61-527818-01, received a wire transfer-in (deposit) of $19,980.00 on October 21, 1999

ALI advised that he had meetings with MIR at the defendant property regarding the above application. On all of the documents submitted by Mir Law Associates, LLC on behalf of ALI, the address listed for Mir Law Associates, LLC was 9600 River Road, Potomac, MD 20854.

19.    Through my investigation, review of records, and observation of trial testimony, I know that more than 100 documents with false information (including Forms ETA-750 and Forms I-140) were filed by Mir and Mir Law Associates, and that on each of these documents the address listed for Mir Law Associates was 9600 River Road, Potomac, Maryland 20854.

_____
Scott E. Fell
Special Agent
United States Immigration and Customs Enforcement
United States Department of Homeland Security

Sworn to and subscribed to before me this __8__ day of July 2005.

| MICHELLE LYNNE FARMER |
| NOTARY PUBLIC |
| WASHINGTON COUNTY |
| MARYLAND |
| MY COMMISSION EXPIRES JULY 30, 2007 |

_____
NOTARY PUBLIC

MY COMMISSION EXPIRES ON ___July 30, 2007___ .

## VERIFICATION

I, Chan Park, declare under penalty of perjury as provided by 28 U.S.C. 1746, that the foregoing Complaint for Forfeiture is based on the attached Affidavit, reports and information furnished to me by the Department of Homeland Security, Immigration and Customs Enforcement and the Department of Labor, Office of Labor Racketeering and Fraud Investigations, and the testimony presented at the criminal trial of United States v. Mir, et al., Crim. No. AW-03-0156, and that everything contained therein is true and correct to the best of my knowledge and belief.

Chan Park
Assistant United States Attorney

4

# M E M O R A N D U M

DATE:        July 12, 2005

TO:          Paula Rigby
             Immigration, Customs Enforcement

FROM:        Chan Park
             Assistant U. S. Attorney


RE:          U.S. v. 9600 River Road, Potomac, Maryland  20854
             Civil Action No. _____

        The United States has filed a forfeiture action against 9600 River Road, Potomac, Maryland  20854.  A copy of the Complaint for Forfeiture is attached.

        Also attached is a Complaint for Forfeiture for publication in the Baltimore Sun, or a newspaper of general circulation in Montgomery County, Maryland, where the property is located, pursuant to Supplemental Rule C(4) for Certain Admiralty and Maritime Claims.

        Also attached is a Form USM-285 requesting that the Department of Homeland Security do the following:

        (1) Post Notice of Complaint For Forfeiture on the defendant real property, and

        (2) Serve a copy of the Notice and a copy of the Verified Complaint for Forfeiture on the owner of the defendant real property.

## NOTICE OF COMPLAINT FOR FORFEITURE AGAINST REAL PROPERTY

NOTICE IS HEREBY GIVEN that a civil complaint seeking forfeiture pursuant to 18 U.S.C. Section 981 was filed on _____, 2005, in the United States District Court for the District of Maryland by the United States of America, plaintiff, against the real property located at 9600 River Road, Potomac, Maryland 20854, MARYLAND, the **Civil Docket number** _____. The complaint alleges that said property may, for the causes stated in the complaint, be condemned as forfeited to the United States.

In order to avoid forfeiture of the property, any person claiming an interest in the defendant real property must file a claim asserting that interest, in the manner set forth in Rule C(6) of the Supplemental Rules for Certain Admiralty and Maritime Claims, Federal Rules of Civil Procedure, except that such claim must be filed not later than 30 days after the date of service of the complaint or, as applicable, not later than 30 days after the date of final publication of this notice. In addition, any person having filed such a claim shall also file an answer to the complaint not later than 20 days after the filing of the claim. Claims should be filed with the Clerk of the Court, U.S. District Court for the District of Maryland, with a copy thereof sent to Chan Park, Assistant United States Attorney, 6500 Cherrywood Lane, Greenbelt, Maryland 20770.

# Department of the Treasury

*Federal Law Enforcement Agencies*

## PROCESS RECEIPT AND RETURN

| PLAINTIFF<br>UNITED STATES OF AMERICA | COURT CASE NUMBER |
|---|---|
| DEFENDANT<br>9600 River Road, Potomac, Maryland 20854 | TYPE OF PROCESS<br>Verified Complaint in Rem |

| SERVE AT | Name Of Individual,Company,Corporation,Etc. to Serve or Description of Property to Seize<br>Maqsood H. Mir and Ruby Mir |
|---|---|
| | Address (Street or RFD / Apt. # / City, State, and Zip Code)<br>9600 River Road, Potomac, Maryland   20854 |

| Send NOTICE OF SERVICE  copy to Requester:<br><br>LaTonia Kelly, Paralegal Specialist<br>U.S. Attorney's Office<br>36 S. Charles Street, 4th floor<br>Baltimore, Maryland  21201 | Number Of Process To Be<br>Served In This Case. | |
|---|---|---|
| | Number Of Parties To Be<br>Served In This Case. | |
| | Check Box If Service Is On USA | |

SPECIAL INSTRUCTIONS or OTHER INFORMATION TO ASSIST IN EXPEDITING SERVICE (includes Business and Alternate Addresses, Phone Numbers, and Estimated Availability times.)

Post Notice on property premises and insert date into Notice of Forfeiture Action that will be published.  Fill in the date of arrest in this process receipt and return our copy.

| Signature of Attorney or other Originator requesting service on behalf of [ X ]Plaintiff<br>[   ]Defendant | Telephone No.<br>(410) 209-4800 | Date<br>Jul 12, 2005 |
|---|---|---|
| SIGNATURE OF PERSON ACCEPTING PROCESS: | | Date |

### SPACE BELOW FOR USE OF TREASURY LAW ENFORCEMENT AGENCY

| I acknowledge receipt for the Total #<br>of Process Indicated. | District of Origin<br>No. _____ | District to Serve<br>No. _____ | SIGNATURE OF AUTHORIZED TREASURY AGENCY OFFICER: | Date |
|---|---|---|---|---|

I hereby Certify and Return That I [   ] PERSONALLY SERVED, [   ] HAVE LEGAL EVIDENCE OF SERVICE, [   ] HAVE EXECUTED AS SHOWN IN "REMARKS", the Process Described on the Individual, Company, Corporation, Etc., At The Address Shown Above or at the Address Inserted Below.

[   ] I HEREBY CERTIFY AND RETURN THAT I AM UNABLE TO LOCATE THE INDIVIDUAL, COMPANY, CORPORATION, ETC. NAMED ABOVE.

| NAME & TITLE of Individual Served If not shown above: | [   ] A Person of suitable age and discretion than residing in the defendant's usual place of abode. |
|---|---|
| ADDRESS: (Complete only if different than shown above.) | Date of Service | Time of Service | [   ] AM<br>[   ] PM |
| | Signature, Title and Treasury Agency | | |

REMARKS:

TD F 90-22.48 (6/96)