```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND
```

| | | |
|---|---|---|
| **THE UNITED STATES OF AMERICA** | ) | |
| | ) | CIVIL NO. AW-05-1893 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **9600 RIVER ROAD, POTOMAC,** | ) | |
| **MARYLAND, etc.** | ) | |
| | ) | |
| Defendant. | ) | |

### GOVERNMENT'S MOTION
### FOR A STAY OF PROCEEDINGS

Plaintiff, the United States of America, by and through undersigned counsel, and pursuant to 18 U.S.C. § 981(g)(1), hereby requests that the Court stay discovery in this case pending resolution of the parallel criminal case appeal, and in support thereof states as follows:

### Introduction

This is a civil forfeiture action instituted by the filing of a Verified Complaint for Forfeiture on or about July 13, 2005, that alleged that the defendant property is forfeitable to the United States pursuant to 18 U.S.C. §§ 981 and 985.

On or about April 14, 2005, the owner of the defendant real property, Maqsood Mir, was found guilty in a jury trial, criminal number AW-03-0156, of sixteen separate counts of immigration fraud, in violation of 18 U.S.C. § 1546. Claimant Maqsood Mir timely filed an appeal to the Fourth Circuit Court of Appeals (case numbers 05-4985 and 05-4989), and that appeal is currently pending before the Fourth Circuit.

### Argument

A stay of the civil proceedings in these circumstances is

expressly prescribed by 18 U.S.C. section 981(g)(1)[1], which provides as follows:

> Upon the motion of the United States, the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case.

Thus, there are two elements that the Court must find in order to grant the stay: (1) that there is a "related" criminal case, and (2) civil discovery in this case will adversely affect the government's ability to conduct the criminal prosecution.

The forfeiture does not have to be perfectly parallel to the criminal case in order to be sufficiently related. 18 U.S.C. section 981(g)(4). "[T]he court shall consider the degree of similarity between the parties, witnesses, facts and circumstances in the two proceedings, without requiring an identity with respect to any one or more factors." Id. The first element is met because the property which is the subject of the Verified Complaint was seized from the defendant, the circumstances are identical and, essentially, the issues are identical. Moreover, the defendant Maqsood Mir was convicted of several counts of immigration fraud and conspiracy to commit immigration fraud, and the Verified Complaint in this case alleges that the defendant real property was used and was intended to be used to facilitate a violation of 18 U.S.C. § 1546. Thus, the circumstances supporting the criminal case are related to this civil forfeiture.

---

[1] This subsection is expressly made applicable to this case by 21 U.S.C. section 881(I).

To the second point, the discovery process in this case would interfere with the government's participation in the appeal process, because the criminal defendant is entitled to take civil depositions of witnesses who are common to both cases and can learn strategy involved in the criminal prosecution. The discovery process in this case, therefore, would interfere with the prosecution of the parallel criminal appeal, because it would subject the prosecution "to early and broader civil discovery than would otherwise be possible in the context of the criminal proceeding." United States v. One Assortment of 73 Firearms, 352 F.Supp.2d 2, 4 (D.Me.2005). This is particularly the case should the Fourth Circuit order a re-trial in this case.

The government, therefore, has met the requirements of Section 981(g)(1) by demonstrating the existence of the related criminal case and by demonstrating the potential that civil discovery would interfere with the criminal case. Given the mandatory language of the statute, the government submits that a stay is appropriate. See 18 U.S.C. section 981(g)(1)(the court "shall ... stay the civil forfeiture proceeding."). See also United States v. Leasehold Interest in 118 Avenue D, Apt. 2A, 754 F.Supp. 282, 285 (E.D.N.Y. 1990)("the district court must grant a stay").

## Conclusion

For the foregoing reasons, the government respectfully requests that this Court order that discovery proceedings in this case be stayed pending sentencing in the related criminal case, and the civil forfeiture case administratively closed pending the

resolution of the criminal appeal.

                Respectfully submitted,

                Rod J. Rosenstein
                United States Attorney

                _____/s/_____
                Chan Park
                Assistant United States Attorney
                6500 Cherrywood Lane
                Greenbelt, Maryland 20770
                Telephone (301) 344-4433

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that on April 30, 2007, a copy of the foregoing Government's Motion for a Stay of Proceedings and a copy of the Verified Complaint was mailed first-class, postage prepaid, to Robert Bonsib, Esquire, 6411 Ivy Lane, Suite 116, Greenbelt, Maryland 20770.

                _____
                Chan Park
                Assistant United States Attorney

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### Northern Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CIVIL NO. AW-05-1893 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| 9600 RIVER ROAD, POTOMAC, | ) | |
| MARYLAND, etc. | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER

Upon review of the Government's Motion for Stay of Proceedings and the record, it is this _____ day of April 2007 **ORDERED** as follows:

1. For the reasons set forth in the Government's Motion for Stay of Proceedings, all discovery in this case is stayed pending resolution of the appeal in the parallel criminal case, <u>United States v. Mir</u>, AW-03-0156.

2. The clerk of the court shall mail copies of this order to counsel of record.

Alexander Williams
United States District Judge